UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER VALLEY BANK, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOA NGUYEN, an Individual, and DOES 1 through 10, Inclusive,<br><br>Defendants. | No. 1:20-cv-00900-NONE-EPG<br><br>ORDER GRANTING PLAINTIFF PREMIER VALLEY BANK'S TEMPORARY RESTRAINING ORDER; AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION;<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR EXPEDITED DISCOVERY.<br><br>(Doc. No. 2.) |

Before the court for decision is Plaintiff Premier Valley Bank's (PVB) Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction (Application). (Doc. No. 2.) Having reviewed the Application in light of the entire record, the court finds as follows:

1. PVB has established that it is likely to succeed on the merits of its claims, including in particular its claims for misappropriation of trade secrets, breach of contract, interference with economic relations and contract, unfair competition, and computer fraud and abuse, against PVB's former employee, Defendant Hoa Nguyen (Nguyen). PVB has presented sufficient evidence to establish that Nguyen has misappropriated, disclosed, and/or utilized PVB's confidential and trade secret information. PVB also has presented sufficient evidence to establish

1

1  that Nguyen has misappropriated and is continuing to misappropriate PVB's trade secrets and
2  confidential information including, but not limited to, confidential information relating their
3  identity of their customers, the services they purchase, their financial information, account
4  information, and information regarding PVB's prospective economic relationships.  This
5  information can be used to unfairly compete against PVB.  In addition, PVB has presented
6  evidence that defendant's conduct puts PVB's customers at risk because that highly confidential
7  information could be used for identity theft or other fraudulent activity.
8       2.   PVB has established that it will suffer immediate and irreparable injury unless
9  defendant and those acting in concert with him are restrained from using PVB's confidential
10 information and/or trade secrets pending trial or final judgment in this action.  PVB has presented
11 sufficient evidence to establish that the value of PVB trade secrets has been placed at risk; and it
12 will continue to lose goodwill with its customers should defendant not be enjoined from his
13 wrongful conduct, and any further disclosure or use of this information could cause further harm
14 to PVB and its banking customers.
15      3.   PVB has established that the balance of hardships tips sharply in PVB's favor in
16 that the only damage to defendant is by entry of this order is that he will be prohibited from
17 wrongfully retaining and/or using PVB's trade secrets and confidential information and
18 confidential information about its banking customers.
19      4.   PVB has established that issuance of injunctive relief will serve the public interest
20 in protecting PVB's trade secret information, the personally protected information belonging to
21 its customers, and promoting fair competition.
22      5.   PVB has provided notice to defendant of the Application and this lawsuit via
23 electronic mail.
24      6.   PVB has also requested expedited discovery. (Doc. No. 2 at 16–17.)  Rule 26(d)
25 of the Federal Rules of Civil Procedure generally prohibits a party from seeking discovery from
26 any source before the parties have conferred as required by Rule 26(f).  *See* Fed. R. Civ. P. 26(d).
27 In the Ninth Circuit, courts use the "good cause" standard to determine whether discovery should
28 be allowed to proceed prior to a Rule 26(f) conference.  *See Semitool, Inc. v. Tokyo Electron Am.,*

*Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002). Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.* at 276. In considering whether good cause exists, factors courts may consider include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009). The party seeking expedited discovery in advance of the Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures. *Id*. at 1066. At this stage of the case, the court does not believe PVB has met its burden in this regard. Its generic request for "an order requiring production of all relevant documents on an expedited basis, production of Nguyen's personal computers for expert inspection, and to depose [d]efendant day to day until the deposition is completed on issues relevant to" this order is overbroad and not sufficiently justified. Therefore, the request for expedited discovery is DENIED WITHOUT PREJUDICE. Should PVB choose to renew its request, that matter is referred to the assigned magistrate judge for appropriate resolution. PVB shall contact Michelle Rooney, Courtroom Deputy Clerk to Magistrate Judge Erica Grosjean, at (559) 499−5962, to set a hearing on any renewed motion for expedited discovery.

IT IS HEREBY ORDERED AND DECREED THAT:

A.   A Temporary Restraining Order shall immediately issue. Security in the amount of $1,000.00 shall be posted by PVB by no later than 4:30 p.m. on the July 3, 2020.

B.   Defendant, his agents and employees, and all other persons and entities in active concert, participation or privity with defendant are prohibited from retaining possession of, directly or indirectly using, disclosing or transmitting for any purpose, PVB's confidential and/or proprietary information or documents, files, or data belonging to PVB, including, but not limited to: information pertaining to PVB bank accounts; PVB customer information including customer lists or identities, customer contact information, bank account numbers, social security numbers; tax identification numbers, customer preferences; customer plans, customer signature blocks,

customer inquiries or strategies; internal PVB memoranda, emails, or other communications; pricing, discount terms; profitability information; service or loan agreement expirations; marketing plans, potential customers and leads; documents that reflect information about PVB employees; and all other confidential or trade secret business information.

      C.      Defendant shall return to PVB all documents, materials and information constituting, containing, summarizing or extracting PVB's confidential and/or proprietary information or documents, files or data belonging to PVB, including, but not limited to: PVB's confidential and/or proprietary information or documents, files, or data belonging to PVB; information pertaining to PVB bank accounts; PVB customer information including customer lists or identities, customer contact information, bank account numbers, social security numbers; tax identification numbers, customer preferences; customer plans, customer signature blocks, customer inquiries or strategies; internal PVB memoranda, emails, or other communications; pricing, discount terms; profitability information; service or loan agreement expirations; marketing plans, potential customers and leads; documents that reflect information about PVB employees; and all other confidential or trade secret business information.

      D.      Defendant must turn over all hard-copy documents and all hard-drives, thumb-drives or other removable electronic devices used to copy or transmit the above-mentioned categories of information within 48 hours from receiving notice of the court's order.  Defendant must purge or destroy within 48 hours from receiving notice of the court's order any and all copies, recordings, electronic copies, or reproductions of the above-mentioned information, provided, however, that a copy of any and all PVB information shall be first returned to PVB.

      E.      File with this court and serve on PVB's counsel, within 7 days after service of the restraining order, a written report, signed under oath by defendant Nguyen personally, setting forth in detail the manner and form in which defendant has complied with the court's order.

      G.      Defendant is further ordered to show cause in writing on or before noon on Friday, July 10, 2020, why a preliminary injunction should not be issued against him.  The court will thereafter review that filing and determine whether a reply is authorized and/or whether a hearing will be necessary.

4

1      I.    This order shall remain in full force and effect until fourteen days from date of entry of this order, or until such other time as the court specifically orders.

    J.    Defendant can apply to the court for modification/dissolution of this order on two (2) days–notice or such shorter notice as the court may allow.  *See* Local Rule 231 and FRCP 65(b).

    K.    PVB shall immediately cause a copy of this order to be served by email and by overnight courier upon defendant.  Thereafter, PVB shall make every effort to effectuate prompt <u>personal</u> service of this lawsuit and all papers filed therein, including this order, upon defendant.

IT IS SO ORDERED.

Dated:  **June 30, 2020**               /s/ Dale A. Drozd
                                          UNITED STATES DISTRICT JUDGE