JOHN S. BAKER (SBN 144073)
NAVDEEP K. SINGH (SBN 284486)
**DORSEY & WHITNEY LLP**
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499
E-Mail: baker.john@dorsey.com
        singh.navdeep@dorsey.com

Attorneys for Plaintiff
Premier Valley Bank

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PREMIER VALLEY BANK, a California Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>HOA NGUYEN, an Individual, and DOES 1 through 10, Inclusive,<br><br>        Defendants. | CASE NO. 1:20-00900-NONE-EPG<br><br>**STIPULATION AND ORDER GRANTING PLAINTIFF PREMIER VALLEY BANK'S PRELIMINARY INJUNCTION**<br><br><br>Complaint Filed: June 26, 2020<br>Trial Date:    No Trial Date |

///

///

///

1

4840-0499-2707\1

WHEREAS, in granting a Temporary Restraining Order ("TRO"), the Court held:

1. Plaintiff Premier Valley Bank ("PVB") has established that it is likely to succeed on the merits of its claims, including in particular its claims for misappropriation of trade secrets, breach of contract, interference with economic relations and contract, unfair competition and computer fraud and abuse act against Defendant Hoa Nguyen ("Nguyen"). PVB has presented sufficient evidence to establish that Nguyen has misappropriated, disclosed and/or utilized PVB's confidential and trade secret information. PVB has presented sufficient evidence to establish that Nguyen has misappropriated and is continuing to misappropriate and use PVB's trade secrets and confidential information including, but not limited to, confidential information relating to the identity of its customers, the services they purchase, their financial information, account information, and information regarding PVB's prospective economic relationships. This information can be used to unfairly compete against PVB. In addition, PVB has presented evidence that Defendant's conduct puts PVB's customers at risk because that information could be used for identity theft or other fraudulent activity, and is highly confidential.

2. PVB has established that it will suffer immediate and irreparable injury unless Defendant and those acting in concert with him are restrained from using PVB's confidential information and/or trade secrets pending trial or final judgment in this action. PVB has presented sufficient evidence to establish that the value of PVB trade secrets has been placed at risk; and it will continue to lose goodwill with its customers should Defendant not be enjoined from his wrongful conduct, and any further disclosure or use of this information could cause further harm to PVB and its banking customers.

3. PVB has established that the balance of hardships tips sharply in PVB's favor in that the only damage to Defendant is by entry of this Order is that he will be prohibited from wrongfully retaining and/or using PVB's trade secrets and confidential information about its banking customers.

4. PVB has established that issuance of injunctive relief will serve the public interest in protecting PVB's trade secret information, the personally protected information belonging to its customers and promoting fair competition.

1  WHEREAS, Defendant is willing to stipulate to a preliminary injunction until judgment is
2  entered by the Court, and Defendant has represented that he has returned all the documents
3  covered by the TRO and has destroyed any remaining copies or images of those documents so
4  that he can no longer access them.

5  NOW, THEREFORE, PVB and Nguyen now stipulate to the following preliminary
6  injunction:

7  A.  A Preliminary Injunction Order shall immediately issue.

8  B.  Defendant Nguyen, his agents and employees, and all other persons and entities in
9  active concert, participation or privity with defendant are prohibited from retaining possession of,
10 directly or indirectly using, disclosing or transmitting for any purpose PVB's confidential and/or
11 proprietary information or documents, files, or data belonging to PVB, including but not limited
12 to: information pertaining to PVB bank accounts; PVB customer information including customer
13 lists or identities, customer contact information, bank account numbers, social security numbers;
14 tax identification numbers, customer preferences; customer plans, customer signature blocks,
15 customer inquiries or strategies; internal PVB memoranda, emails, or other communications;
16 pricing, discount terms; profitability information;  service or loan agreement expirations;
17 marketing plans, potential customers and leads; documents that reflect information about PVB
18 employees; and all other confidential or trade secret business information.

19 C.  Defendant must turn over immediately all hard-copy documents and all hard-
20 drives, thumb-drives or other removable electronic devices used to copy or transmit the above-
21 mentioned categories of information to the extent he has not already done so.  Defendant must
22 immediately purge or destroy within 48 hours from receiving notice of the Court's Order any and
23 all copies, recordings, electronic copies, or reproductions of the above-mentioned information to
24 the extent he has not already done so, provided, however, that a copy of any and all PVB
25 information shall be first returned to PVB.

26 D.  Moreover, should Nguyen discover or locate additional documents that are
27 governed by this Order, he shall return and destroy those documents as set forth above.

28

E. This Order shall remain in full force and effect until judgment is entered in this case, or until such other time the court specifically orders.

DATED: July 21, 2020                DORSEY & WHITNEY LLP

By: */s/ John S. Baker*

John S. Baker
Navdeep K. Singh
Attorneys for Plaintiff
Premier Valley Bank

DATED: July 21, 2020                BRYANT WHITTEN, LLP

By: */s/ Shelley Bryant*
Shelley Bryant
Attorneys for Defendant
Hoa Nguyen

## ORDER

The above stipulation is adopted as the order of the court.

IT IS SO ORDERED.

Dated:  **July 22, 2020**                               _Dale A. Drozd_
UNITED STATES DISTRICT JUDGE